**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| IN RE COMPLAINT OF DAVID WILLIAM WILLS FOR EXONERATION FROM, OR LIMITATION OF LIABILITY. | ) ) ) | Case No. |

**COMPLAINT IN ADMIRALTY**
**<u>FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY</u>**

Plaintiff David Williams Wills, by and through his undersigned attorneys, and for his Complaint in Admiralty for Exoneration from, or Limitation of, Liability, hereby states as follows:

1. This is an admiralty and maritime action for exoneration from, or limitation of, liability, brought pursuant to Rule F of the Federal Rules of Civil Procedure – Supplemental Rules for Admiralty or Maritime Claims ("Rule F"), and 46 U.S.C. § 30505, et seq.

2. David William Wills is the owner of a 2017 Bennington pontoon boat, 27' 4" in length, Model Number 27RCWX2DL, which vessel bears Minnesota State Registration Number 2750MA and Hull Identification Number ETWC9730G617 (the "Pontoon").

3. On July 12, 2026, the Pontoon was involved in a marine casualty on the Mississippi River at the location of Lake Pepin, near Mile 771 of the Upper Mississippi River.

4. At the time of the collision, Plaintiff Wills was neither operating nor aboard the Pontoon.

5. The Pontoon was involved in a collision with a tow of barges being pushed by the MOTOR VESSEL STARFIRE, a commercial river towboat.

6. As a result of the collision, three occupants of the Pontoon, including Plaintiff Wills' adult daughter, Ashley Monson, sustained fatal injuries and were killed.

7. Plaintiff Wills is an individual resident of Wabasha County in the State of Minnesota.

8. The Pontoon was severely damaged in the collision and is believed to have no fair market value following the incident.

9. This is a case of admiralty and maritime jurisdiction and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Article III of the United States Constitution.

10. The facts and circumstances giving rise to the casualty occurred within this judicial district. The Pontoon is currently located in, and is expected to continue to be located in, this judicial district during the pendency of this action.

11. Plaintiff Wills used due diligence to make the Pontoon seaworthy. The Pontoon was, both at the time of the casualty and at all other times relevant, tight, staunch, and strong, properly manned, equipped, and supplied, and in all respects seaworthy and fit for the service in which the Pontoon was engaged.

12. The casualty, and any claimed injuries and damages arising therefrom, were not caused or contributed to by any fault, neglect, want of care, or design on the part of Plaintiff Wills.

13. The casualty, and any claimed injuries and damages arising therefrom, were occasioned and incurred without the privity and knowledge of Plaintiff Wills.

14. Plaintiff Wills is not liable to any other party, individual, or entity, for any injuries or damages done, occasioned, incurred, or resulting by reason of the casualty. Plaintiff Wills maintains that he is entitled to exoneration from liability for any and all injuries and damages that may be claimed as a result of the casualty.

15. In claiming exoneration from liability for any injuries and damages that may be claimed as a result of the casualty, Plaintiff Wills states that he has a valid defense to any such claims based on the facts and the law.

16. While affirmatively denying any liability, Plaintiff Wills believes that claims could be asserted against him and/or the Pontoon as a result of the casualty that will exceed his current interest in the Pontoon, if any. Therefore, Plaintiff Wills claims the benefits of the limitation of liability provided by 46 U.S.C. § 30501, et seq.

17. Following the casualty, the Pontoon had no fair market value.

18. As a recreational vessel, there was no freight earned or pending at the time of the casualty.

19. Upon information and belief, certain claimants may present claims arising out of the casualty. On or about September 1, 2026, Plaintiff Reliant Maritime Solutions, LLC filed a separate "Verified Complaint for Exoneration from or Limitation of Liability" in this Court, Case No. 0:26-cv-03850-NEB-ECW. Upon information and belief, attorneys have been retained to represent other parties in connection with this casualty, although Plaintiff Wills has not received any written notice of a claim at this time.

20. No claimants have presented a written claim to Plaintiff Wills directly. No claimants have presented any documentation or information regarding the nature and extent of their claim to Plaintiff Wills.

21. Upon information and belief, there are no lawsuits pending against Plaintiff Wills asserting claims for injuries and damages that have been filed arising out of the casualty.

22. The total value of Plaintiff's interest in the post-casualty fair market value of the Pontoon is zero dollars.

23. Because the Pontoon following the casualty has no fair market value, no security is required to be posted by Plaintiff Wills.

WHEREFORE, Plaintiff Wills prays that the Court order as follows:

1. That, pursuant to applicable rules and procedures governing limitation of liability actions, the Court enter an Order pursuant to the applicable law, rules, and practices of this Court, directing the issuance of a Monition to all persons possessing or claiming to possess a claim for any and all injuries and damages occasioned, incurred, or resulting by reason of the casualty, compelling them to appear before this Court and to file and make due proof of their respective claims and also to appear and answer the allegations of this Complaint, according to the law and practice of this Court, at or before a certain time to be fixed in the Monition;

2. That, pursuant to applicable rules and procedures governing limitation of liability actions, the Court enter an Order pursuant to the applicable law, rules, and practices of this Court, enjoining the further prosecution, and the commencement and prosecution, of any and all claims, lawsuits, and proceedings of any kind resulting or in any way relating to the casualty, and any and all actions, lawsuits, and proceedings of any kind against Plaintiff Wills and/or the Pontoon, to recover damages alleged to have been sustained and arising out of or occasioned by the casualty, except in this proceeding;

3. That, the Court adjudge and find in this proceeding that Plaintiff Wills and the Pontoon are not liable to any extent for any loss or damage or for any claims whatsoever in any way arising out of or in consequence of the casualty, or alternatively, if Plaintiff Wills and/or the Pontoon are judged liable, that said liability and damages to any and all claimants collectively shall be limited to, and shall not exceed, the amount of Plaintiff Wills' interest in the Pontoon, which

has no fair market value, and that Plaintiff Wills and the Pontoon be discharged from any and all further liability to all claimants;

4. That such other and further relief be granted as this Court deems necessary, just, and proper.

GOLDSTEIN AND PRICE, L.C.
and Neal W. Settergren

By: /s/ *Neal W. Settergren*

701 Market Street, Suite 1500
St. Louis Missouri 63101
(314) 516-1700 (phone)
(314) 421-2382 (fax)
neal@gp-law.com

and

Timothy J. Carrigan
Arthur, Chapman, Kettering,
Smetak & Pikala, P.A.
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, Minnesota 55402-3214
(612) 375-5905 (phone)
(612) 339-7655 (fax)
tjcarrigan@arthurchapman.com

*Attorneys for David Wills*